UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

 v.

NARLON L. PORTIS,

     Defendant.

Case No. 2:17-CR-00052-JLG

Magistrate Judge Jolson

### REPORT AND RECOMMENDATION

  The United States of America and Defendant entered into a plea agreement whereby Defendant agreed to enter a plea of guilty to Count I of the Information, which charges him with violation of 8 U.S.C. § 371, and the Forfeiture Allegation of the Information. (Doc. 13). On March 22, 2017, at 11:00 a.m., Defendant, accompanied by his counsel, appeared for a Change of Plea. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj*, 25 F. App'x 290, 291 (6th Cir. 2001) (holding that a magistrate judge may accept a guilty plea with the express consent of the Defendant and where no objection to the report and recommendation is filed).

  During the proceeding, the undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on those observations, the undersigned is satisfied that, at the time he entered his guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

  Prior to accepting Defendant's plea, the undersigned addressed Defendant personally and in open court and determined his competence to plead. Based on the undersigned's observations,

Defendant understands the nature and meaning of the charges returned in the Information and the consequences of the plea of guilty to Count I and the Forfeiture Allegation of the Information. Defendant was also addressed personally in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on March 1, 2017, represents the only promises made by anyone regarding the charge in the Information. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, Defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge. He confirmed that he is pleading guilty to Count I and the Forfeiture Allegation of the Information because he is in fact guilty of the offense charged in Count I and the Forfeiture Allegation of the Information. The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to Count I and the Forfeiture Allegation of the Information is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that Defendant's guilty plea to Count I and the Forfeiture Allegation of the Information be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by Defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information, and Defendant's attorney may be present if Defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 22, 2017

BY THE COURT:

/s/Kimbery A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE